IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOGAN LUNDAHL, and HOLLI LUNDAHL, | ) ) ) | |
| Plaintiffs, | ) ) ) | 4:16CV3000 |
| V. | ) ) | |
| MEL HOFFMAN, LOS ANGELES HOME-OWNERS AID, INC., LAW OFFICES OF MCKAY, BURTON AND THURMAN, JEREMY SINK, WILLIAM THURMAN, MARLENE TELFORD, GLENNA GOTTFREDSON, WELLS FARGO BANK, J. SEMRAD, ED NELSON, KRISTI GOULD, and DOES 1-10 INC., | ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on review of Plaintiffs' Complaint (Filing No. 1) filed on January 4, 2016. For the reasons that follow, the court will require Plaintiffs to show cause for why their claims against Defendants should not be dismissed as untimely under the applicable statutes of limitations. *See Anderson v. United Transp. Union*, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E. D. Ark. Mar. 2, 2009) (collecting cases) ("[A] court may [] *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint.").

Plaintiffs' Complaint attempts to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*.; the Computer Fraud Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq*.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*; and the Fair Housing Act, 42 U.S.C. §§ 3601,

*et seq*. Plaintiff also purports to allege *Bivens* violations[1] and various state law claims.

Plaintiffs' allegations and the records attached to the Complaint suggest that this action was filed beyond the limitations period for each of Plaintiffs' respective claims. The FCRA sets the statute of limitations at "2 years after the date of discovery by the plaintiff of the violation . . . or 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The CFAA contains a two-year limitations period, which begins on "the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). A civil RICO claim is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). It appears that Plaintiffs' *Bivens* claim may also be governed by a four-year limitations period. *See Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (stating that *Bivens* actions are governed by the same statute of limitations as 42 U.S.C. § 1983 actions). Claims under the Fair Housing Act are subject to a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A). The Complaint only references events which occurred between 1993 and 2006. Thus, the court will require Plaintiffs to show cause for why this action should not be dismissed as untimely.

Plaintiffs should note that a review of Plaintiffs' Complaint leads the court to believe that dismissal of this action on grounds other than the statute of limitations may be appropriate. However, given the likely untimeliness of this suit, the other possible grounds for dismissal will not be addressed at this time.

IT IS THEREFORE ORDERED that:

---

[1] "Under [*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)], an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis omitted).

1. Within 30 days, Plaintiffs must file a response with the court showing cause for why the claims against Defendants should not be dismissed as untimely under the applicable statutes of limitations. Absent a showing of good cause, this case will be dismissed.

2. The clerk of the court is directed to set the following pro se case management deadline in this matter: May 16, 2016: check for Plaintiffs' response.

DATED this 13th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge