IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOGAN LUNDAHL, and HOLLI LUNDAHL, | ) ) ) | |
| Plaintiffs, | ) ) | 4:16CV3000 |
| V. | ) ) ) | |
| MEL HOFFMAN, LOS ANGELES HOME-OWNERS AID, INC., LAW OFFICES OF MCKAY, BURTON AND THURMAN, JEREMY SINK, WILLIAM THURMAN, MARLENE TELFORD, GLENNA GOTTFREDSON, WELLS FARGO BANK, J. SEMRAD, ED NELSON, KRISTI GOULD, and DOES 1-10 INC., | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

Plaintiffs instituted this action on January 4, 2016. (Filing No. 1.) Plaintiffs filed a First Amended Complaint on May 20, 2016. (Filing No. 10.) For the reasons that follow, the court will require Plaintiffs to file a second amended complaint, or face dismissal of this action.

**DISCUSSION**

Plaintiffs' First Amended Complaint ("Amended Complaint") is extremely long and almost impossible to decipher. The Amended Complaint is thirty-nine pages long and incorporates an additional eighty-seven pages of exhibits. (Filing No. 10.) The Amended Complaint attempts to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*.; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq*.; and the Fair Housing Act, 42

U.S.C. §§ 3601, *et seq*. Plaintiff also purports to allege *Bivens* violations[1] and various state law claims. The Amended Complaint is rambling and seems to include allegations pertaining to unrelated acts of wrongdoing by Defendants. It also contains a lengthy narrative of multiple other court cases involving Plaintiff Holli Lundahl.

The court has carefully reviewed Plaintiffs' Amended Complaint, as well as the accompanying exhibits, and finds that the Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8. A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation omitted). Although a pro se plaintiff's allegations should be liberally construed, pro se litigants must comply with the Federal Rules of Civil Procedure. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law").

The Amended Complaint is so long and convoluted that the court cannot determine with any certainty the legal and factual basis for Plaintiffs' claims. Additionally, the court questions whether the Amended Complaint even attempts to assert legitimate claims. Plaintiff Holli Lundahl[2] has a lengthy history of filing

---

[1] "Under [*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)], an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis omitted).

[2] Plaintiff Holli Lundahl has used multiple aliases in pervious suits, including "Holli Telford." *See Lundahl v. Nar Inc.*, 434 F. Supp.2d 855, 860 n.2 (D. Idaho May 24, 2006) ("Plaintiff [Holli Lundahl] has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl,

frivolous actions. In fact, multiple other courts, including the United States Supreme Court, have placed filing restrictions on Ms. Lundahl. *See Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid"); *Lundahl v. Nar Inc.*, 434 F. Supp.2d 855 (D. Idaho 2006) (enjoining Plaintiff from instituting civil suits pro se without first obtaining leave of court); *Lundahl v. Hawkins*, SA-09-CA-0588-XR, 2009 WL 3617518 (W.D. Tex. Oct. 27, 2009) (dismissing Plaintiff's complaint as frivolous and enjoining Plaintiff from filing any civil suit in Texas federal courts against certain defendants without first obtaining leave of court); *Lundahl v. Eli Lilly and Co.,* No. 13-CV-241-SWS, 2014 WL 347157 (D. Wyo. Jan. 30, 2014) (noting Plaintiff's extensive history of abusive litigation and enjoining Plaintiff and all of her aliases from proceeding as a plaintiff in any civil matter in the District of Wyoming unless she is represented by counsel or obtains permission to proceed pro se).

Nevertheless, out of an abundance of caution, the court will grant Plaintiffs leave to file a second amended complaint. Should Plaintiffs fail to file a second amended complaint by the deadline set by the court, this action will be dismissed without further notice.

IT IS ORDERED that Plaintiffs shall file a second amended complaint no later than July 14, 2016. Should Plaintiffs fail to do so, this action will be dismissed without further notice. The clerk of court is directed to set a case management deadline using the following text: July 14, 2016: check for second amended complaint.

DATED this 14th day of June, 2016.

---

and Holly Mattie Telford"). Holli Lundahl, using the alias "Holli Telford," has another case pending in this court. *See Lundahl v. Dunn*, 4:15-cv-3133 (D. Neb. 2015).

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge